Bela Varga, Individually and as President of the National Hungarian Government, on Behalf of Himself and All Those Beneficiaries of the National Hungarian Trust Fund Similarly Situated, Respondent, *v.* Credit-Suisse, Appellant.

First Department, December 11, 1956.

*William Eldred Jackson* of counsel (*Rebecca M. Cutler* with him on the brief; *Milbank, Tweed, Hope & Hadley,* attorneys), for appellant appearing specially.

*Michael M. Platzman* for respondent.

Cox, J. Defendant, appearing specially, has appealed from an order denying its motion under section 237-a of the Civil Practice Act, to set aside the service of the summons and complaint on the grounds that the court lacked jurisdiction of the person of defendant and of the subject matter of the action.

The plaintiff, president of the Hungarian Government in Exile, now resident here, instituted this action against defendant Credit-Suisse, to establish the right of that government to a fund deposited by it with Credit-Suisse while it exercised governmental powers in Hungary, to provide for its future maintenance in the event that it should be forced into exile; the contract of deposit provided for such purpose. In alleged violation of its contract, the bank delivered the fund to the Hungarian People's Republic which succeeded plaintiff's government.

The summons and complaint were served upon Paul Weber, the managing agent of defendant's New York agency.

Implicit throughout the various allegations of the complaint is a cause of action for breach of contract which gives the Supreme Court jurisdiction over the subject matter of this controversy. We should say, however, that jurisdiction would not extend to the subject matter of the alleged trust, express or constructive, also set forth in the complaint.

The principal issue on this appeal is the contention of defendant that under the provisions of subdivision 3 of section 200 of the Banking Law the Legislature intended to subject foreign banks to suit *only* for causes of action arising out of transactions of their agencies here, and that service of process under the general provisions of section 229 of the Civil Practice Act is

invalid under the circumstances of this case, where the cause of action arose in a foreign jurisdiction.

Personal service on a foreign corporation doing business in this State may be effected pursuant to section 229 of the Civil Practice Act. Reading this section together with subdivision 3 of section 200 of the Banking Law presents a conjunctive viewpoint on the basis of which we perceive that the legislative intent was otherwise than as contended by appellant.

We do not interpret subdivision 3 of section 200 of the Banking Law as confining jurisdiction under the other sections of the Civil Practice Act *only* to causes of action arising out of transactions with a New York agency.

The purpose of such provision in the Banking Law is not to circumscribe and limit, but to expand and amplify the opportunities of plaintiffs, *to effect service* and to facilitate acquisition of jurisdiction in personam over defendant foreign banks in cases where adequate methods of obtaining redress for a wrong might not be otherwise afforded and where it is most needed. That this is so is evidenced by the chronicle of legislative reasoning contained in the Report of the Law Revision Commission as to Personal Service of Process on Foreign Corporations Doing Business in New York (1944 Report of N. Y. Law Rev. Comm., pp. 407–431; cf., also, 1951 Legislative Annual, p. 55). Therefore, construing the complaint as stating a cause of action in contract with jurisdiction in this court over the subject matter, we think that subdivision 3 of section 200 of the Banking Law merely provides an additional and not an exclusive method of service in specified circumstances and consequently service under section 229 of the Civil Practice Act was properly effected.

The order should be affirmed.

Peck, P. J., Breitel, Frank and Valente, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondent.