**UNITED STATES of America**

v.

**Alastair KYLE, Clinton Gardner and Toys of the World Club, Inc., Defendants.**

**Cr. 44581.**

United States District Court
E. D. New York.

Oct. 30, 1957.

See also 20 F.R.D. 417.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., by Warren Max Deutsch, Asst. U. S. Atty., New York City, of counsel, for the motion.

Sage, Gray, Todd & Sims, New York City, by Melber Chambers, New York City, of counsel, in opposition.

RAYFIEL, Justice.

The Government moves, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., to direct the Royal Bank of Canada to produce at a time prior to trial and permit the Government to inspect the books, records and documents enumerated in the subpoenas duces tecum served upon it.

Counsel for the bank opposes the motion on the ground that some of the books, papers and documents referred to in the subpoenas are in one of its branches located in Halifax, Canada, and not in the branch located in New York, where the subpoenas were served. He has offered to produce any and all documents, books or papers which are in its New York branch or agency.

The Government concedes that the subpoenas demand the production of some documents, etc., which are not in the possession of the New York branch of the bank, but contends that the right thereto depends on the *control*, and not the *location*, of the records in question, and, since the activities of the New York branch of the bank are systematic, continuous and substantial, it is doing business in the United States, and has control over the records in the branch in Halifax, Canada.

In support of its position the Government relies on two cases which it has cited in its memorandum, to wit: In re Grand Jury Subpoenas Duces Tecum, etc., D.C., 72 F.Supp. 1013 and Varga v. Credit-Suisse, 2 A.D.2d 596, 157 N.Y.S. 2d 391. The latter case is inapposite. It was authority merely for the fact that the New York courts had jurisdiction over the person of the defendant by virtue of the service of the summons on

the managing agent of its New York agency, irrespective of the fact that the cause of action arose in a foreign jurisdiction and did not involve a transaction with the said New York agency.

The other case cited by the Government, In re Grand Jury Subpoenas Duces Tecum, supra, is authority for the proposition that a corporation is not excused from producing its records which are physically beyond the confines of the United States if they are in its *possession* and the court has *jurisdiction* of the *corporation*. There, it is true, the court said, 72 F.Supp. at page 1020, "The test is control—not location of the records." But the court, in that case, cited as authority for that ruling the case of In re Harris, D.C., 27 F.Supp. 480, in which the court refused to direct the Chase National Bank to produce a transcript of the records of an account in its London Office in response to a subpoena served on its main office in New York City. The Court said, at page 481, that, "In many respects a foreign branch, while in last analysis an agency of the bank is treated, in the words of Judge Hough, as 'a separate business entity'. Pan American Bank & Trust Co. v. National City Bank, 2 Cir., 6 F.2d 762, 767. See also Chrzanowska v. Corn Exchange Bank, 173 App. Div. 285, 291, 159 N.Y.S. 385; Rex v. Lovitt, [1912] A.C. 212, 219. The account of a customer of a foreign branch has been held, properly it would seem, not subject to attachment or garnishment by process served on the bank at the home office. Bluebird Undergarment Corporation v. Gomez, 139 Misc. 742, 249 N.Y.S. 319; Richardson v. Richardson, [1927] P. 228. Under the Uniform Bank Collection Code, enacted by many states including New York, a branch is deemed an *independent* bank for collection purposes. Marlboro Trust Co. v. Elliott, 4 Cir., 86 F.2d 315. While of course the ultimate power as well as responsibility in respect to operations of the branch must rest with the bank itself, the fact that by section 604 the accounts of a foreign branch are to be conducted 'independently' of the home office leads to the conclusion that the records of a depositor's account with a foreign branch, not kept here, *are not so within the control of the main office here as to be subject to production by subpoena duces tecum served here.*" (Emphasis added.)

It would seem, therefore, that branch banks are excepted from the rule that a corporation, properly served with a subpoena, must produce its books and records pursuant thereto, even if the said books and records are located outside the jurisdiction, the reason for such exception being that each branch is an independent entity and has control of its own records.

The motion, therefore, is denied, except as to those books, records and documents described or referred to in the subpoenas, which are in the possession of the New York office of the Royal Bank of Canada.

Settle order on notice.