In the Matter of the Ancillary Proceeding of EQUITABLE PLAN COMPANY, Debtor.

United States District Court
S. D. New York.
June 9, 1960.

58

Kelley, Drye, Newhall & Maginnes, New York City, for petitioner, New York Agency of Toronto-Dominion Bank. Hancock Griffin, Jr., New York City, and John J. Loflin, Jr., New York City, of counsel.

Thacher, Proffitt, Prizer, Crawley & Wood, New York City, for trustee in reorganization of Equitable Plan Co. Edward C. Kalaidjian and Robert S. Stitt, New York City, of counsel.

Sage, Gray, Todd & Sims, New York City, for New York Agency of Royal Bank of Canada. Melber Chambers and Richard M. Siegel, New York City, of counsel.

Shearman, Sterling & Wright, New York City, for Clement J. Ings, Asst. Agent at New York Agency of Bank of Nova Scotia. Herman E. Compter, New York City, of counsel.

HERLANDS, District Judge.

This action is another chapter in the attempt to unravel the affairs and make whole the victims of Lowell Birrell, presently a fugitive from justice under indictment for crimes arising out of his financial activities.

The plaintiff (hereinafter "the trustee") is the trustee in bankruptcy of the Equitable Plan Company, a mutual investment company which owns a large stockholding in Doeskin Products, Inc.

A derivative stockholder suit for the benefit of Doeskin is now pending in the Supreme Court of the State of New York. Plaintiffs therein, who are not parties here, seek cancellation of 1,000,000 shares of the stock of Doeskin which are substantially all of a block issued while the company was under Birrell's domination. The principal defendants in that action are a group of Canadians now in control of Doeskin, who claim to have purchased the shares. They have proposed a settlement of the derivative action whereby they will surrender one-fourth of their purported interest, upon the condition that the remaining three-fourths be deemed legitimate. The offer has been conditionally accepted by counsel for the plaintiffs in the derivative action, and has been referred to a referee by the state court.

Although the trustee (the plaintiff herein) is not a party to the state court action, the referee has permitted him to participate in the hearings. The trustee's position before the referee is that the defendants there knew that the shares which they claim to have purchased in good faith from a Latin American corporation were really held and controlled by Birrell; and that their purported purchase was part of a scheme to continue Birrell's control of and beneficial interest in Doeskin.

In support of his position, the trustee seeks to prove the occurrence of a fraudulent transaction in which the Canadian defendants knowingly cooperated with Birrell in taking $100,000 from Doeskin Products, Inc.

Seeking the evidence he needs in order to prove the fraudulent transaction, the trustee, in an ancillary proceeding in this court, addressed subpoenas duces tecum to three foreign banks: the Royal Bank of Canada, the Toronto-Dominion Bank, and the Bank of Nova Scotia. The subpoenas require the production of records and documents which are located in branches outside the United States. The subpoenas were served at the "New York Agencies" of the respective banks.

The movants herein are the respective "New York Agencies." They have each moved by order to show cause to quash or limit the subpoenas on the grounds that the records sought are not within the jurisdiction of the court and hence cannot be reached effectively by the subpoenas, and that, in fact, the records are not within the possession or control of the "New York Agencies." Their rationale is the legal doctrine that, for some purposes, "Agencies" and branches of banks are entities independent of the home office and of each other.

In support of the enforceability of the subpoenas, the trustee contends that the

"New York Agencies" are merely offices through which their respective principals conduct business and that delivery of subpoenas to them is, therefore, proper service upon their principals. He urges that there is no supportable distinction between the "Agencies" of banks and the agents of other corporations.

Provided it has the power to do so, a bank, like any other corporation, may be required by a subpoena duces tecum to produce within the jurisdiction of the court books and records located in a foreign branch. There is a rebuttable presumption that a bank or other corporation is in possession and control of its own books and records. The doctrine —that the home office and the individual branches or "agencies" of a bank are each independent entities—is dictated by the necessities of commercial transactions but is inapplicable to situations not involving an arm's length relationship between the home office, the agency, and the other branches. First National City Bank v. Internal Revenue Service, 2 Cir., 1959, 271 F.2d 616, certiorari denied, 1960, 361 U.S. 948, 80 S.Ct. 402, 4 L.Ed. 2d 381. The cited case upheld a subpoena directed to a domestic bank and served upon its home office, requiring the production of records located in its Panama branch.

In the case at bar, it amply appears in the record, and it is not disputed, that each of the respondent banks regularly and continuously conducts a general banking business in New York by means of its New York Agency. Each bank is licensed by the State of New York to do so, under Article 5 of the New York Banking Law.

The general rule is that a foreign corporation doing business in the district is subject to process, including subpoenas duces tecum; and it must produce its records and documents even though they are outside the United States. In re Electric & Musical Industries Ltd., D.C.S.D.N.Y.1957, 155 F.Supp. 892, petition for mandamus denied, 2 Cir., 1957, 249 F.2d 308; In re Grand Jury Subpoenas Duces Tecum, D.C.S.D. N.Y.1947, 72 F.Supp. 1013. It is immaterial that the agent upon whom service is made does not have control of the books and records required to be produced. It is not the agent who is to respond, but the corporation. The agent is merely the vehicle for reaching the corporation. In re Grand Jury Subpoenas Duces Tecum, supra, 72 F.Supp. at page 1021.

Except with regard to actions seeking control of funds held in a foreign branch, there is no exception in favor of banks to the general rule.[1] Better reason must

---

1. Cronan v. Schilling, Sup.Ct.N.Y.1950, 100 N.Y.S.2d 474 [subpoena duces tecum in aid of attachment served on the Swiss Bank Corporation, New York Agency, upheld to the extent that the subpoenaed records, although located in a branch in Switzerland, relate to assets which are held in New York State and thus are subject to attachment in New York State]. Cf. Varga v. Credit-Suisse, 1st Dept.1956, 2 A.D.2d 596, 157 N.Y.S.2d 391. [In a contract action against the defendant foreign bank, the facts of which in no way involved its New York Agency, *in personam* jurisdiction of the bank was validly obtained by service of process upon its New York Agency pursuant to Section 229 of the New York Civil Practice Act, which provides for service upon foreign corporations generally.] Contra, United States v. Kyle,

D.C.E.D.N.Y.1957, 21 F.R.D. 163 [discussed in text infra].

Even in those cases in which courts have refused to aid a subpoena or other process served upon a New York Agency of a foreign bank, they have done so on the limited ground that the process was in aid of attachment, garnishment or impressing a trust upon funds held in a foreign branch; and the court was without jurisdiction over such funds. Cronan v. Schilling, supra [subpoena vacated to the extent that it required production of documents relating to assets held in a branch in Switzerland because such assets were not subject to attachment]; Gonzales v. Pardo, N.Y.L.J., November 30, 1950, p. 1380 (Sup.Ct.N.Y.) (not otherwise reported) [subpoena duces tecum issued in supplementary proceedings requiring production of records of the Royal

appear for the creation of such an exception than the fiction of "independent entity." The First National City Bank case, supra, teaches that, where nothing more is involved than the transfer of records or copies thereof between offices or branches, a bank is responsive to the same rules of law as other corporations; and the "independent entity" doctrine is not to be considered as creating an exception. In the case at bar, the creation of such an exception would serve merely to hide from judicial scrutiny what may be a complex international theft.[2]

This court declines to follow United States v. Kyle, D.C.E.D.N.Y.1957, 21 F.R.D. 163, a decision pointing the other way. The Kyle case was decided prior to First National City Bank v. Internal Revenue Service, supra, on grounds and reasoning which the Court of Appeals there rejected.

■ The documents which the trustee seeks from the Royal Bank of Canada are located at its branch in Havana, Cuba, and relate to an account maintained by Birrell with that branch. It clearly appears from the affidavit of the bank's Cuban law expert (which affidavit is not controverted) that disclosure of information with regard to deposits and transactions in this situation would violate Cuban law, and might subject the officers and employees of the Cuban branch to criminal penalties. Therefore, the production of those records should not be ordered. First National City Bank v. Internal Revenue Service, supra, 271 F. 2d 616, at page 619.

■ No officer of the Montreal branch of the Bank of Nova Scotia (or of the Toronto-Dominion Bank) need come to New York to testify. The records may be produced by personnel of the respec-

Bank of Canada relating to accounts or property held in branches outside New York, vacated]; Clinton Trust Co. v. Compania Azucarera Central Mabay, S. A., Sup.Ct.N.Y.1939, 172 Misc. 148, 14 N.Y.S.2d 743, 745, [application in the course of examination in aid of attachment to direct a domestic and a foreign bank to answer certain questions regarding the status of the defendants' accounts with their respective Cuban branches, denied. "An examination in aid of an attachment must be limited to property that can be reached by the attachment"]; Walsh v. Bustos, City Ct.N.Y.1943, 46 N.Y.S.2d 240, 241, [Motion to punish Mexican bank for failure to appear for examination in supplementary proceedings regarding deposits in a Mexican branch, denied. "[T]he jurisdiction of this court does not extend to the deposits of the judgment debtor in the Mexican branch of this foreign bank; that the bank has an agency or branch in New York is immaterial."] Cf. Varga v. Credit Suisse, supra. [To the extent that the action seeks to impress a trust on a fund held in a foreign branch, jurisdiction cannot be obtained by the service of a summons on the New York Agency.]

The Canadian statute cited to the court supports the foregoing analysis. Section 96(4) of the Canadian Bank Act, Chap. 48 Stat. of Canada, 1954, provides:

"An attaching or garnishee order or summons or a writ of extent affects and binds only property in the possession of the bank belonging to, or moneys to the credit of, the debtor at the branch where such order, summons or writ or notice thereof is served."

In the case at bar, it is not sought to reach or take control of funds at all; but only to obtain evidence. The action is not in rem or quasi in rem, but in personam. The subpoena is an order of the court directing the banks personally to produce specified records and documents.

■ 2. Strong public policy, expounded by both the Supreme Court and our Court of Appeals, favors techniques and procedures designed to reach the truth. The power of subpoena is an essential instrument of evidence-locating and fact-finding. Only when that policy is in conflict with weightier policy is privilege against disclosure granted. No recognized privilege and no weightier policy appear in the situation at bar.

Without impugning in the slightest the widespread legitimate use of foreign bank accounts, it is appropriate to observe that the supposed immunity of funds in such accounts and related information from American judicial process is sometimes considered an attraction by those who would evade taxes, conceal the ownership of assets, secrete illicitly obtained money, or engage in banned international trade.

tive New York Agency of said two banks.

For the foregoing reasons, the motions to quash the subpoenas are hereby denied; except that the motion of the agent of the Royal Bank of Canada is hereby granted to the extent that the records of its Cuban branch need not be produced. This decision and opinion constitute an order.