James D. **HODGSON**, Secretary of Labor, United States Department of Labor

v.

**LOCAL 191, INTERNATIONAL BROTH-ERHOOD OF TEAMSTERS, CHAUF-FEURS, WAREHOUSEMEN AND HELPERS OF AMERICA.**

Civ. No. B–531.

United States District Court, D. Connecticut.

Jan. 5, 1973.

Harlington Wood, Jr., Acting Asst. Atty. Gen., Stewart H. Jones, U. S. Atty., by Howard C. Eckenrode, Asst. U. S. Atty., Bridgeport, Conn., for plaintiff.

Norman Zolot, Hamden, Conn., for defendant.

MEMORANDUM OF DECISION

ZAMPANO, District Judge.

The Secretary of Labor instituted this action to compel the respondent, Local 191 of the Teamster's Union, to comply with a subpoena duces tecum issued by the Secretary in connection with an investigation under Section 601 of the La-

bor-Management Reporting and Disclosure Act, 29 U.S.C. § 521, to determine whether any persons violated the provisions of the Act with respect to the election of officers of the Local conducted on December 11, 1971. The investigation was commenced after a complaint was filed by a member of the Local, Albert J. DeLuca, alleging that certain specified violations occurred during the election.

The Secretary's authorized representative was permitted to examine and copy most of the records subpoenaed,[1] but the union claims that the Secretary lacks the power to review the meeting attendance records of the Local from November 1, 1969 to December 11, 1971. It is argued that these materials are not relevant to the investigation because they relate to a period of time not encompassed by DeLuca's complaint to the Secretary.

█ The Secretary, on the other hand, asserts the right to subpoena all documents "that he may deem necessary to enable him to determine the facts." There is little question that the legislative history of the Act indicates the intent of Congress to give the Secretary sweeping investigative authority,[2] and that the principles enunciated in Wirtz v. Local 191, Internat'l Bro. of Teamsters, Etc., 321 F.2d 445 (2 Cir. 1963), clearly support the Secretary's position. In that case, the Second Circuit, recognizing "the broad reach of the Secretary's investigatory powers", 321 F.2d at 448, specifically rejected the proposition that the Secretary's investigation of a union election is limited to those violations alleged by an individual member of the union.

While recognizing the formidable language in *Local 191,* the defendant in the instant case contends the holding is "no longer sound" in the light of the Supreme Court's ruling in Hodgson v. Local 6799, United Steelworkers, 403 U.S. 333, 91 S.Ct. 1841, 29 L.Ed.2d 510 (1971). The Court disagrees. In *Local 6799,* the Supreme Court stated that the Secretary was precluded from seeking a judicial remedy for a violation uncovered during a § 601(a) investigation if the complainant union member was aware of the violation and if internal union remedies prescribed in § 402 of the Act had not been exhausted with respect to that alleged violation. This is not to say, however, that § 402 places limitations upon the investigatory authority of the Secretary in addition to those listed in § 601(a). In fact, the majority opinion anticipates that ". . . union members may use broad or imprecise language in framing their internal union protests and that members will often lack the necessary information to be aware of the existence or scope of many election violations." Id. at 340, 91 S.Ct. at 1846. Moreover, after the ruling in *Local 6799* was announced, courts have sustained the Secretary's authority to conduct comprehensive investigations into alleged election irregularities. See, e. g., Hodgson v. Local 734, Internat'l Bro. of Teamsters, 336 F.Supp. 1243 (N.D.Ill.1972).

██ The union's further contention that the subpoena was not properly served upon the defendant is without merit. The subpoena was addressed to the union at its place of business and accepted by its agent, Anthony G. Rossetti,

---

1. The Compliance Officer had been allowed to inspect and copy the following items specified in the subpoena:
   1. Notices sent to members on the nomination and election.
   2. Notices posted of the nomination and election.
   3. Membership lists (cards).
   4. Voting lists.
   5. Minutes of all meetings pertaining to the nomination and election.
   6. All ballots used, including those cast, unused, voided and challenged.
   7. All work papers, tally sheets and other documents of the Election Committee.
   8. All financial records pertaining to the nomination and election.

2. H.R. 8342 sponsored by Congressman Elliot. See Cong.Rec. 15550, House, August 11, 1959; Sen.Rept. No. 187 on S. 1555, pp. 41–42.

Business Agent of Local 191. The union has been duly apprised of the commands of the subpoena through one of its executive officers; therefore, it must comply. See, e. g., United States v. Fleischman, 339 U.S. 349, 356–357, 70 S.Ct. 739, 94 L.Ed. 906 (1950); Wilson v. United States, 221 U.S. 361, 376, 31 S. Ct. 538, 55 L.Ed. 771 (1911); In Re Equitable Plan Company, 185 F.Supp. 57, 59 (S.D.N.Y.1960). In addition, since the union has voluntarily surrendered most of the records sought by the subpoena, any hypertechnical defect in service must be deemed waived.