**KOLYBA CORP., a Delaware corporation, and Juan Zavala, Plaintiffs,**

v.

**BANQUE NATIONALE De PARIS, a foreign corporation duly organized and existing under the laws of the Republic of France, Defendant.**

Court of Chancery of Delaware, New Castle.

April 26, 1973.

H. James Conaway, Jr., Edward B. Maxwell, 2d, and Jack B. Jacobs, of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiffs.

Edmund D. Lyons and Eduard F. vonWettberg, III, of Morris, James, Hitchens & Williams, Wilmington, for Merrill Lynch, Pierce, Fenner & Smith, Inc. and French American Capital Corp.

DUFFY, Chancellor:

This case involves a dispute between Kolyba Corp., a Delaware corporation, and Juan Zavala, a resident of the Federal Republic of Germany (plaintiffs) and Banque Nationale De Paris, a corporation organ-

ized under the laws of France (defendant). Plaintiffs have attempted to secure jurisdiction over defendant by sequestration proceedings under 10 Del.C. § 366. Orders were entered by the Court on November 17 and December 4, 1972, appointing a sequestrator and directing him to seize, among other things, "All property of Banque Nationale De Paris held by Merrill Lynch, Pierce, Fenner and Smith, Incorporated, " and all shares of stock of Merrill Lynch and certain other Delaware corporations owned of record by the Banque. Seizure was also ordered of all stock and other securities owned of record by the Banque and issued by French American Capital Corporation, a Delaware corporation (FACC) which it owns through a New York corporation, French American Banking Corporation (FABC).

Merrill Lynch and FACC filed responses with the sequestrator which are discussed in more detail hereafter. Thereafter, plaintiffs served notices of depositions and caused subpoenas *duces tecum* to issue directing the corporations to appear with certain specified books and records. This is the decision on the motions of Merrill Lynch and FACC to quash the subpoenas.[1]

A.

I must first consider whether any discovery at all is available to plaintiffs. The movants say it is not, they argue that discovery may not be employed against a non-party if the purpose thereof is to obtain information in aid of sequestration of a non-resident's property.

 I think it plain that under Delaware law discovery may not be had for a fishing expedition to find property subject to seizure and thus available for use as a jurisdictional base. Chasin v. Gluck, Del. Ch., 216 A.2d 142 (1965); Cantor v. Sachs, 18 Del.Ch. 359, 162 A. 73 (1932). But it does not follow that information ob-

1. Defendant has appeared and moved to dismiss the complaint for want of jurisdiction over it and insufficiency of process. That motion has not been briefed.

tained by proper use of the discovery rules may not be used in aid of a sequestration process. Compare Greene v. Johnston, 34 Del.Ch. 115, 99 A.2d 627 (1953); Steinberg v. Shields, 38 Del.Ch. 423, 153 A.2d 599 (1959). How, then, does one draw the line between permissible discovery which may aid in establishing jurisdiction and the kind of dragnetting which is prohibited by both the letter and spirit of the statute, the decisions and the Rules of Court? Cf. Chancery Rule 4(db), Del.C.Ann.

■ The movants have no difficulty with line-drawing because, under their view, none is needed. They say that Rule 26(b)(1) (which tracks the Federal Rule) limits discovery to matters not privileged which are relevant to the subject matter and this means, on the merits. But it is clear beyond doubt that there is no such general limitation in our practice. Thus, discovery is available as part of a proceeding to determine whether property should be released after an effective sequestration, cf. 10 Del.C. § 366, it is available under Rule 69 in aid of a judgment or execution, it is available as an incident to contempt proceedings and for other purposes not specifically directed to the merits of a controversy. Indeed if the rule urged by the movants were adopted, it would mean that any affidavit or response filed by a garnishee would be conclusive, no matter how inconsistent or inadequate it might be. A rule of that kind is inconsistent with common sense and the demands of simple justice. Compare Steinberg v. Shields, supra, and Jacobs v. Tenney, 316 F.Supp. 151 (D.Del.1970). Moreover, I am satisfied that, in any event, discovery is available to a party for the purpose of determining whether the Court has subject matter jurisdiction and/or jurisdiction over person or property. But there are limits when it is sought against a garnishee.

■ As I have indicated, discovery is not proper when the party seeking it is doing no more than searching for property for seizure. This means that a party who

secures a sequestration order cannot have discovery, as a matter of course, against a garnishee; in other words, to get discovery, he must do more than simply assert disagreement with the report by the garnishee or a general desire to test it. He must make some showing to persuade the Court that discovery is reasonable and necessary. That might be made, for example, by showing that the report on its face is substantially incomplete or that it contains a significant contradiction. Or it might be made by pointing to evidence *aliunde* the report which strongly suggests that it is incomplete or inaccurate. Under these and similar circumstances, discovery is proper as against a garnishee. Absent such a showing or a factual challenge to the report of the sequestrator discovery will be denied. Cannon v. Union Chemicals & Materials Corp., 37 Del.Ch. 393, 144 A.2d 145 (1958).

I turn now to the facts in the present case.

### B.

■ Merrill Lynch has filed an affidavit by Martin Portnoy, an attorney associated with it; he states that "since service of the Order of Sequestration" Merrill Lynch has not had in its possession or control any property "beneficially owed" by defendant. The affidavit does not state what property Merrill Lynch had prior to such service nor does it state what property it holds which is legally owned by the Banque. Since the order of sequestration was directed to legal as well as beneficial title held at or prior to service, the affidavit is incomplete in critical respects.

The Portnoy affidavit also states that upon "receipt of notice of service of" the order of sequestration it was determined that the Banque maintained "four brokerage accounts" with Merrill Lynch. But upon the basis of an affidavit (executed by an officer of FABC) attached to his own, Mr. Portnoy apparently determined that the Banque had no equitable interest in

those accounts. A determination as to rights in the accounts cannot, of course, be unilaterally made by Merrill Lynch. That is a matter for the Court after all sides have been heard.

Relying on *Steinberg*, movants argue that discovery is not permissible when it is sought solely to obtain an effective seizure. As I have indicated, that is the Delaware law. But, given what is said in the Portnoy affidavit, discovery here sought is not to obtain effective seizure but to determine if there already has been effective seizure, i.e., whether jurisdiction has been obtained.

On the present record I conclude that plaintiffs have shown that limited discovery from Merrill Lynch is reasonable and necessary to the administration of justice in the case.

FACC filed the affidavit of Francois De LaJugie who stated, under date of December 12, that none of its issued and outstanding shares were owned by the Banque. The sequestration order was effective on December 4 and plaintiffs argue that they are entitled to discovery on the basis of the time gap. I understand the movants to say that the date to which verification was made is an oversight and, accordingly, discovery will be denied on condition that defendants file an appropriate affidavit within seven days from the date hereof.

### C.

Finally, I consider issues arising from the way in which the subpoena of Merrill Lynch is worded and the way in which it was served.

The subpoena was served upon the resident agent and seeks to compel the appearance of Merrill Lynch by Mr. Portnoy who had supplied the affidavit. It argues that the appearance of an officer, director or managing agent of a non-party corporation may not be compelled by the service of a subpoena on the corporation's registered agent, but that question need not be decided.

■ A subpoena *duces tecum* may, of course, be directed to a corporation, Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911), and effective legal process can be had on a corporation in this State by serving its resident agent. 8 Del.C. § 321, and compare In Re Grand Jury Subpoenas Duces Tecum, 72 F.Supp. 1013 (S.D.N.Y.1947). It follows that service of a subpoena *duces tecum* upon the resident agent of a Delaware corporation is valid and effective. Compare In re Equitable Plan Company, 185 F.Supp. 57 (S.D.N.Y.1960). But it does not follow that in making such service the party causing the subpoena to be issued can thereby "choose" the person who is to appear on behalf of the corporation. The subpoena is directed to the corporation and it has the right to determine, initially, at least, who shall appear for it. Accordingly, I conclude that Merrill Lynch shall be obliged to respond to the subpoena *duces tecum* but it may do so through a person of its own choosing.

■ The same ruling is applicable to the notice of deposition of Merrill Lynch "by Martin Portnoy." Merrill Lynch is the garnishee and it may respond to the deposition through or by a person of its own choosing.

Merrill Lynch also objects to the scope of documentation called for by the subpoena. It is broad, no doubt of that. Since this opinion draws lines limiting discovery, it is more appropriate to deal with the specifics of production when counsel are heard on the form of order to be entered. Hence, a ruling on the precise scope of production is deferred until that time.

Other contentions made by the movants have been noticed but are deemed to be without merit.