# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: June 25, 2019
Date Decided: June 26, 2019

David E. Wilks, Esquire
Thad J. Bracegirdle, Esquire
Andrea S. Brooks, Esquire
Wilks, Lukoff & Bracegirdle, LLC
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805

Jeffrey L. Moyer, Esquire
Travis S. Hunter, Esquire
Nicole K. Pedi, Esquire
Richards Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801

Re:    *inTEAM Associates, LLC v. Heartland Payment Systems, Inc.*,
       Civil Action No. 11523-VCMR

Dear Counsel:

On December 18, 2018, the Delaware Supreme Court remanded this action to permit the Court to resolve the Renewed Motion to Show Cause filed pursuant to Court of Chancery Rule 70(b) by inTEAM Associates, LLC ("inTEAM"). On remand, inTEAM served discovery requests on Heartland Payment Systems LCC ("Heartland"). In response, Heartland filed a Motion for a Second Protective Order and for Attorneys' Fees. Heartland's motion is DENIED.

This Court has broad discretion in managing discovery and evidentiary hearings in proceedings before it.[1] A Rule 70(b) motion requires the parties to present their

---

[1] Ct. Ch. R. 7(b) (hearing schedule decisions are subject to the discretion of the court); *Carlton v. Zepski*, 180 A.3d 42 (Del. 2018) ("A trial judge has broad discretion . . . to schedule hearings."); *Fish Eng'g Corp. v. Hutchinson*, 162 A.2d 722, 725 (Del. 1960) ("The Court has broad discretion in determining whether or not to allow discovery" under Court of Chancery rules); *NiSource Capital Mkts., Inc. v. Columbia Energy Gp.*, 1999 WL 959183, at *1 (Del. Ch. Sept. 24, 1999) ("[T]he application of the discovery rules is

"evidence at a show cause hearing . . . as at trial . . . ."[2] This Court has permitted discovery in advance of a Rule 70(b) hearing where the movant persuaded the Court that such discovery was "reasonable and necessary" to meet its burden.[3] inTEAM has produced affidavits demonstrating that discovery on its Rule to Show Cause Motion is "reasonable and necessary."[4] The parties, therefore, shall confer on a schedule permitting narrow discovery limited to the issues raised by inTEAM's Rule to Show Cause Motion.

   **IT IS SO ORDERED.**

                                        Very truly yours,

                                        */s/ Kathaleen St. Jude McCormick*

                                        Vice Chancellor

KSJM/lef

---

subject to the exercise of the Court's sound discretion."); *ASX Inv. Corp. v. Newton*, 1994 WL 178147, at *3 (Del. Ch. May 3, 1994) ("[T]he court, may, at its discretion, hold an evidentiary hearing . . . .").

[2] *Atlas Sanitation Co.*, 1988 WL 88494, at *3 (Del. Ch. Aug. 17, 1988). *See also Eagle Force Hldgs., LLC v. Campbell*, 187 A.3d 1209, 1227 (Del. 2018) (recognizing that the trial court held several evidentiary hearings on motions for contempt); *In re Indem. Ins. Corp., RRG.*, 2014 WL 31710, at *1 (Del. Ch. Jan. 2, 2014) (conducting an evidentiary hearing on an order to show cause where "the parties introduced documentary evidence and presented live witness testimony"); *Aveta Inc. v. Bengoa*, 986 A.2d 1166, 1171 (Del. Ch. 2009) (deciding a rule to show cause on a written record and making factual findings "as if after trial").

[3] *Kolyba Corp. v. Banque Nationale de Paris*, 316 A.2d 585, 587 (Del. Ch. 1973).

[4] *See generally* C.A. No. 11523-VCMR Docket ("Dkt.") 266, Affs. of Lei Ditch, Michael Sawicky, and Lawrence Goodman, III in Supp. of Pl.'s Opp'n to Def.'s Mot. for a Second Protective Order and for Attys. Fees; Dkt. 237, Aff. of Kimberly Coleman in Supp. of Pl.'s Br. in Supp. of its Renewed Mot. for Rule to Show Cause.