## SUPREME COURT.

HOWARD IVES, respondent, agt. HENRY B. LOCKWOOD.

*Attachment — When person giving certificate may be examined—Sufficiency of affidavit.*

Where a party alleged to have property in his hands belonging to the defendant, which should be made the subject of attachment in the action makes certificate to the sheriff that he has no property of defendant and owes no debt to him, an order for the examination of such party should not be granted on an affidavit on information and belief against the positive deposition of the person sought to be examined.

*First Department, General Term, August,* 1883.

*Before* DAVIS, *P. J.,* BRADY *and* DANIELS, *JJ.*

APPEAL by Oliver S. Carter and others, dening a motion to vacate and set aside an order requiring them to attend and submit to an examination, and also directing it to proceed.

*Frank E. Blackwell*, for appellants.

*G. A. Seixas*, for respondent.

DANIELS, *J.*—The appellants were alleged to have property in their hands belonging to the defendant which should be made the subject of attachment in the action. They, however, delivered a certificate to the sheriff, stating that they had no property of any description of the defendant Lockwood, and were owing no debt to him. Upon an affidavit made for that purpose, they were ordered to appear and submit to the examination provided for by section 651 of the Code of Civil Procedure. But this order could only be made when there was reason to suspect that the certificate was either untrue or failed fully to set forth the facts required to be shown by it The affidavits presented for the order failed to show either of these facts by any legal proof. It was made substantially upon mere information which has been often held to form no basis for legal proceedings, unless it may be in some very exceptional instances, and this was not shown to be one of those instances. In answer to this affidavit the members of the firm of Carter, Hawley & Co. also swore positively that they had no property of the defendant and were not indebted to him. Under this state of the case no right for their examination was substantiated under this section of the Code, and the order denying the motion to vacate the order directing the examination was, therefore, erroneous, and should be reversed and the motion granted, with costs and disbursements of this appeal.

DAVIS, P. J., and BRADY, J., concur.