(65 App. Div. 221.)

STINE v. GREENE et al.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

1. ATTACHMENT — EXAMINATION OF THIRD PARTY — APPEAL BY DEFENDANT — SUBSEQUENT APPEAL BY THIRD PARTY—RES JUDICATA.
     Code Civ. Proc. § 650, declares that, on an application of a sheriff holding a warrant of attachment, the president or other head of a corporation must furnish to the sheriff a certificate of any property held by the corporation and belonging to the defendant; and section 651 declares that, if the certificate be refused, the court may order the one to whom the application was made to attend to be examined touching the property, etc. An application was made to a corporation under section 650, and the certificate was not furnished, and the defendant appealed from an order denying the vacation of an order for the examination of the corporation. *Held*, that questions decided on such appeal were not res judicata on an appeal by the corporation from an order denying a vacation of the order for its examination.

2. SAME—EXAMINATION—SCOPE.
     Where the certificate provided for by Code Civ. Proc. § 650, is refused, or an insufficient one is furnished, and the plaintiff in attachment claims that the party of whom the certificate was demanded has property within his possession, plaintiff has a right to the examination.

3. SAME—AVERMENTS ON INFORMATION AND BELIEF.
     Where an application is made to a foreign corporation under Code Civ. Proc. § 650, and the plaintiff avers that property subject to attach-

ment is held by such corporation, which has its principal place of business in the city of New York, and the corporation does not deny that it holds such property, but refuses to give the certificate required, plaintiff has a right to an examination under section 651, though plaintiff's averments as to the property are on information and belief.

**4. SAME—SCOPE OF EXAMINATION.**

Where the defendant in attachment is a nonresident, and the corporation to which an application has been made under Code Civ. Proc. § 650, has refused to give the certificate, the examination under section 651 must necessarily be limited to property within the jurisdiction and subject to attachment.

Appeal from special term, New York county.

Action by Marcus Stine against William C. Greene and another. From an order denying a motion to vacate or modify an order for the examination of the Greene Consolidated Copper Company, the company appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William B. Hornblower, for appellant.

Moses Weinman, for respondent.

HATCH, J. The defendant is a nonresident of the state of New York, being a resident of the territory of Arizona. The Greene Consolidated Copper Company is a foreign corporation, created under the laws of West Virginia, whose principal office is alleged to be in the city of New York. The plaintiff obtained an attachment in the action against the property of the defendant, and sought to make a levy by service of a copy of the warrant, with the customary notice, upon the secretary of the Greene Consolidated Copper Company in this city. The sheriff also demanded of the secretary a certificate of the property held by the said company, as required by section 650 of the Code of Civil Procedure, but no such certificate was given. Thereafter a further demand for such a certificate was made upon the president of the company, William C. Greene, the defendant herein, but such certificate was refused. The defendant made a motion, by order to show cause, to vacate the warrant of attachment and the levy attempted to be made thereunder, which was denied. On April 8, 1901, the plaintiff obtained an order, under section 651 of the Code, requiring the Greene Consolidated Copper Company, through its officers, the secretary and president, to appear and submit to an examination concerning the property of the defendant. On April 10th the defendant obtained an order to show cause why the order for examination should not be vacated and in the meantime staying all proceedings thereunder. This motion was denied, and from the order denying the same the defendant appealed to this court, which affirmed the order without opinion. Thereafter the present attorney for the appellant, having been substituted as attorney for the defendant and the Greene Consolidated Copper Company, obtained an order on behalf of the latter to show cause why the order for its examination, and a subsequent order made after a stay had been vacated for the examination to proceed, should not be vacated, and staying proceedings for such examination pending the hearing of the

motion.   Upon the return of this order the motion was denied, and the Greene Consolidated Copper Company was ordered and directed to attend and be examined, and the secretary and treasurer were directed to appear for such purpose on a day named.   From such order this appeal is taken.

Upon the appeal of the defendant Greene from the order directing him to appear and be examined, this court reached the conclusion that as to property within this state owned by him, whether the same was a debt due from the copper company or was represented by shares of stock therein, the court had jurisdiction, under the provisions of sections 650 and 651 of the Code of Civil Procedure, to grant an order requiring him to submit to an examination; for, as to this property, or any other property the subject of levy under the attachment, the same being within the jurisdiction of the court, it could be and was subject to be applied in payment of the debt represented by the attachment.   Simpson v. Contracting Co., 47 App. Div. 17, 61 N. Y. Supp. 1033, affirmed on appeal 165 N. Y. 193, 58 N. E. 896. While that determination is not res adjudicata upon the present appeal, yet in substance and effect it is a controlling decision upon the question presented upon this motion, as the present application is supported by substantially the same proof as appeared upon the former motion.   We agree with the appellant that the examination of third persons with respect to property of an attachment debtor can be had only with respect to property that can be reached by an attachment.   But it is claimed by the respondent that such property exists within this jurisdiction, and, if so, then clearly there is the right of examination to ascertain the existence of such property, especially where a certificate is refused or an insufficient one is given. The provisions of the section of the Code to which we have called attention are evidently enacted to furnish a means to ascertain the existence of such property.   If it was known that a third person had intangible property of this kind in his possession, there would be no need of an examination, as the Code under such circumstances authorizes a remedy for the sheriff to reduce it to possession.

The present papers aver, it is true, upon information and belief, that property which is the subject of attachment is held by the copper company as the property of the defendant; and, as the principal place of business of the company is shown to be within the city of New York, sufficient appears to authorize the examination, especially so in the absence of a denial upon the part of the parties sought to be examined that they hold property of the defendant within this jurisdiction.   While, ordinarily, averments on information and belief are not sufficient (Ives v. Lockwood, 65 How. Prac. 518), such rule is not in all cases conclusive (Seligman v. Falk, 13 Civ. Proc. R. 77); and, in view of the peculiar circumstances surrounding this claim, we think the case sufficient to fall within the exception.   The examination, however, must necessarily be limited to property within this jurisdiction subject to attachment, and cannot be extended to property situated elsewhere.   The latter examination would be impertinent, as by no possibility could the lien of the attachment be extended

to it.    Within this limitation, therefore, we think the order should be affirmed, with $10 costs and disbursements to the respondent.    All concur.