BLUEBIRD UNDERGARMENT CORPORATION, Plaintiff, *v.* RAPHAEL GOMEZ, Trading as GOMEZ EMBROIDERY COMPANY, Defendant.

City Court of New York, New York County, April 7, 1931.

*Fineman & Fineman,* for the plaintiff.

*Shearman & Sterling,* for the National City Bank of New York.

SCHIMMEL, J. An action was instituted by the plaintiff in this court and a warrant of attachment was issued against the property

of the defendant on the ground that he was a non-resident. The sheriff was directed by such warrant to attach so much of the property of the defendant " within your county " as will satisfy plaintiff's claim. A certified copy of the warrant was served upon the National City Bank of New York (hereinafter referred to as the bank), which was alleged to be indebted to the defendant. Thereupon the bank furnished the sheriff with a certificate setting forth that at the time of the service of the warrant the bank was not holding any funds or other property of the defendant within the county of New York, nor was it indebted to him in any other manner within the said county. This certificate, it appears, did not satisfy plaintiff. It claimed that it possessed information that the bank had on deposit in one of its branches, to wit, Mayaguez, Porto Rico, a substantial sum of money belonging to the defendant. Plaintiff, therefore, pursuant to section 919 of the Civil Practice Act, obtained an order of this court requiring the bank to submit to examination concerning the property of the defendant. The bank appeared by one of its officers, who stated that he did not know whether the defendant had money on deposit in the bank's branch in Porto Rico, and that the bank was unwilling to have the records of its branch in Porto Rico examined.

Plaintiff now seeks an order requiring the bank (1) to make and serve upon the sheriff of New York county a true and correct certificate fully setting forth whether or not the bank had in its possession on March 10, 1931, any money or property belonging to the defendant; (2) to obtain any and all information from its branch at Mayaguez, Porto Rico, showing whether or not on or about the 10th day of March, 1931, the defendant had any moneys on deposit with it; (3) to include such information which it may obtain from its branch in Porto Rico in the certificate required by law to be served by the bank upon the sheriff of New York county.

The right to this order and the power of the court to grant it depend upon the determination of the situs of the debt which was created by the alleged deposit in the Porto Rico branch. The question presented is of far-reaching importance to the commercial and banking worlds. It is claimed by the plaintiff, and it may be assumed, that the defendant has moneys on deposit in the bank's branch in Porto Rico. It thus becomes necessary to establish the relationship existing between a parent bank and the depositors of its branches. It has been held that a corporation which conducts business, makes contracts, and incurs debts in another jurisdiction becomes domiciled in that jurisdiction in respect to such business, and debts incurred there are there attachable. (*Lancaster* v.

*Spotswood*, 41 Misc. 19; affd., 86 App. Div. 627; *Morgan* v. *Mutual Benefit Life Ins. Co.*, 189 N. Y. 447; *Lancaster Ins. Co.* v. *Corbetts*, 165 Ill. 592.) A branch bank is a separate and distinct business entity. (U. S. Code, tit. 12, § 604; *Pan-American Bank & Trust Co.* v. *National City Bank*, 6 F. [2d] 762; *Chrzanowska* v. *Corn Exchange Bank*, 173 App. Div. 285; affd., 225 N. Y. 728.) In the *Pan-American Case* (*supra*) HOUGH, C. J., writing for the court, said: " The Rio Branch of City Bank existed under the Act of December 23, 1913, and its amendments (U. S. Comp. Stat. § 9745). That statute requires, *inter alia*, that national banks having foreign branches ' shall conduct the accounts of each foreign branch independently of the accounts  *  *  *  of its home office, and shall at the end of each fiscal period transfer to the general ledger the profit or loss accrued at each branch as a separate item.' That is, the branch is not a mere ' teller's window;' it is a separate business entity." Likewise in *Chrzanowska* v. *Corn Exchange Bank* (*supra*, 291) the court said: " With respect to the question presented for decision, the different branches were as separate and distinct from one another as from any other bank. The Legislature did not intend, we think, either to authorize or require a bank having branches to cash checks and make loans to a depositor at any branch at which he may see fit to call, for to do so would produce endless confusion, and the statutory provisions quoted do not require such a construction." Not only are branch banks separate entities, but deposits made in a branch bank are payable there and there only (*Chrzanowska* v. *Corn Exchange Bank, supra; Pan-American Bank & Trust Co.* v. *National City Bank, supra; Sokoloff* v. *National City Bank*, 130 Misc. 66; affd., 250 N. Y. 69); *except*, if the branch be closed or if demand for payment by the depositor be refused, then demand will lie against the parent bank. (*Sokoloff* v. *National City Bank*, 250 N. Y. 69.) In the instant case the branch in Porto Rico is not closed, nor does it appear that such branch has refused payment. The defendant could not commence an action against the bank in New York for the deposit made by him in the Porto Rico branch. A branch bank being separately indebted to its depositor, the existing obligation lies primarily between such branch bank and its depositor. The conclusion follows as a necessary corollary that the debt owed by a branch finds its situs within the territorial jurisdiction of such branch. Although the branch deposit be the ultimate debt of the parent bank, the obligation to its customer, however, is localized so as to be confined primarily to the branch where it originated. This summary is also supported in a comparable situation decided in a recent English case (*Richardson* v. *Richardson & The National*

*Bank of India, Ltd.*, 43 Times Law Rep. 631) which held that money held by an English bank to the credit of a judgment debtor at its foreign branch cannot be made the subject of a garnishee order by an English court, as such money is not recoverable within the jurisdiction. In that case the judgment creditor obtained a garnishee order directed to the National Bank of India, Ltd., a bank registered in England and maintaining its head office in London. The creditor sought to make subject to said garnishee order moneys to the credit of the debtor at the branches in Africa. Rejecting the claim of the creditor, Mr. Justice HILL, in a learned opinion, said: " Certain contractual obligations of a bank and its customers, in the absence of special agreement, are well ascertained. * * *, two of which are: (1) the promise of the bank to repay is to repay at the branch of the bank where the account is kept, and (2) the bank is not liable to pay until payment is demanded at the branch at which the account is kept. * * * Such being the position as between the judgment debtor and the bank, I have to consider whether Order XLV., r. I applies. The bank is no doubt indebted to the judgment debtor and the bank is within the jurisdiction. The order deals with the case where ' any other person is indebted to such debtor and is within the jurisdiction.' But both upon principle and upon authority, that means ' is indebted within the jurisdiction and is within the jurisdiction.' The debt must be properly recoverable within the jurisdiction. In principle, attachment of debts is a form of execution, and the general power of execution extends only to property within the jurisdiction of the Court which orders it. A debt is not property within the jurisdiction if it cannot be recovered here. * * * In the result, I am of opinion that, in respect of moneys held by the bank to the credit of the judgment debtor at the African branches, they cannot be made the subject of a garnishee order, for they are not a debt recoverable within the jurisdiction."

My conclusions are that the situs of the debt is in Porto Rico; that the bank is not indebted to the defendant in New York county, and, therefore, has no property within said county belonging to the defendant; and that attachment in New York county may not be availed of. Proceedings predicated thereon " must necessarily be limited to property within this jurisdiction subject to attachment, and cannot be extended to property situated elsewhere." (*Stine* v. *Greene*, 65 App. Div. 221, 223.) The motion is accordingly denied. Submit order on notice.