EDWARD J. MURTAUGH, as Ancillary Committee, etc., of SAMUEL MACK, Also Known as ·SAMUEL MACKIN and SHORAKU MAKI, Plaintiff, *v.* YOKOHAMA SPECIE BANK, LTD., a Corporation, Defendant.

City Court of New York, New York County, December 13, 1933.

*Graves & Yawger [Charles S. Yawger* and *John C. Noonan* of counsel], for the plaintiff.

*Murray, Hollaman & Lockwood [R. D. Murray* of counsel], for the defendant.

KELLER, J. This case was tried by the court without a jury and decision was reserved. A question of law only is involved; the facts, in so far as they are material, having been admitted. In brief they are as follows: Shoraku Maki, a citizen of Japan, procured from time to time during 1927 and 1928 thirteen drafts for 3,870.68 Japanese yen at the New York branch of the defendant and forwarded the said drafts to the main bank or office in Japan to be placed there as a fixed deposit for one year at five per cent. When the drafts were received in the main office and the deposit made to the credit of Maki, a certificate of deposit was sent back to the New York office and Maki was notified that this certificate of deposit would be exchanged for the duplicate draft that was

issued to him when he bought the draft at the branch office. Maki was duly adjudicated insane by a Pennsylvania court and subsequently on March 13, 1933, Edward Murtaugh, his duly appointed committee in Pennsylvania, was appointed ancillary committee in this State and as such committee brings this action. There have been many personal interviews between the committee and the representatives of the defendant as well as with the representatives of the Japanese government and considerable correspondence between the attorneys representing plaintiff and defendant. This correspondence as well as the testimony of Father Murtaugh establishes that the first demand for payment was made on August 18, 1931, when the yen had a dollar value of 49.25 cents.

It is claimed by the defendant that it was ready to pay subject to the approval of the Japanese consul who was consulted because of the necessities of the case, even though they were not obliged to do so because no demand was made at the place of deposit, but because the committee now demanded payment in dollars at 49.25 cents per yen, the defendant refused to pay and fell back on its contract with the plaintiff's ward. The yen had fallen in value from 49.25 cents to 21.38 cents at the date of the commencement of this action.

While many points of law are raised by the briefs, only one needs to be considered, as the decision on that point makes it unnecessary to consider the others. It is conceded by the plaintiff that " the money was sent to Japan and was on deposit there in the head office." That it was sent there by special request of Maki as a fixed deposit for one year and thereafter to remain as a fixed deposit unless other arrangements were made, is established by the documentary evidence. (Defendant's Exhibits A, B, C and D.) The evidence establishes that the demand for payment was made on the New York branch and that no demand was made at the branch where the money is on deposit. " Deposits made in a branch bank are payable there and there only * * * except, if the branch bank be closed or if the demand for payment by the depositor be refused, then demand will lie against the parent bank." (*Bluebird Undergarment Corp.* v. *Gomez,* 139 Misc. 742, and cases therein cited.)

The same rule was enunciated in *Sokoloff* v. *National City Bank* (250 N. Y. 69, 81, 82), where the parent bank which was the depository was stated to be the place where a demand was to be made unless it was closed or demand refused. Thereafter, because of the breach of contract, he may recover his damages in New York where he sought his remedy in dollar value at the time of demand at the foreign depository. Plaintiff argues that because the depositor

is insane and cannot make a demand at Yokohama, the rule should be different. While there may be hardship under the circumstances it is manifest that the committee has no rights arising out of the contract of deposit greater than those that the depositor himself had. Upon the evidence the complaint is dismissed. Exception to plaintiff, who is allowed a stay of twenty days and sixty days to make a case.