CLINTON TRUST COMPANY, Plaintiff, *v.* COMPANIA AZUCARERA CENTRAL MABAY S. A., Also Known as MABAY SUGAR COMPANY, Defendant.

CLINTON TRUST COMPANY, Plaintiff, *v.* COMPANIA AZUCARERA CENTRAL RAMONA S. A., Also Known as RAMONA SUGAR COMPANY, Defendant.

Supreme Court, Special Term, New York County, October 2, 1939.

*Schribner & Miller*, for the plaintiff.

*Chadbourne, Wallace, Parke & Whiteside* [*Leonard P. Moore* of counsel], for the defendants.

*Mudge, Stern, Williams & Tucker* [*Randolph H. Guthrie* of counsel], for the Chase National Bank.

*Sage, Gray, Todd & Sims* [*Melber Chambers* and *Edward H. Spencer* of counsel], for the Royal Bank of Canada.

BERNSTEIN, J. This is an application to direct the Chase National Bank and the Royal Bank of Canada to answer certain questions in respect to the existence and status of deposit accounts of the defendants with their branch banks in Havana, Cuba. The questions have been propounded in the course of an examination of these banks directed by the court to be had in aid of an attachment under article 55 of the Civil Practice Act, and the banks have refused to answer on the ground that the plaintiff's attachment, served upon them in New York, does not reach property in Cuba, and it is, therefore, immaterial as to whether or not the defendants had any account with their banks in Cuba.

The defendants in the action, appearing specially, heretofore moved for a vacatur of the attachment and of the service of the summons on them by publication, and that motion was denied by Mr. Justice McGoldrick on August 3, 1939. It is the contention of the plaintiff that the denial of the motion constituted, in effect, an adjudication that the levy reached the defendants' deposit accounts in the branches of these two banks in Havana. It is also the plaintiff's contention that, irrespective of the effect of the denial of the motion to vacate, the 'warrant of attachment, upon the law, effectively reached the defendants' accounts in the banks in Havana, because they were merely branches of the banks in New York. Both of these contentions are controverted by the respondent banks.

This court is convinced that the question of whether or not the plaintiff had attached the defendants' deposit accounts in Havana was not before Mr. Justice McGoldrick and was not passed upon by him on the denial of the motion to vacate the attachment. What was before said justice was an application to vacate " upon the ground that the order for publication is jurisdictionally defective as a matter of law and fails to comply with the statutes applicable thereto." (See defendants' memorandum in support of the motion to vacate, p. 1.) Neither did the denial of the motion constitute an adjudication, in effect, that the levy reached the defendants' deposit accounts in Havana. All that it decided was that the papers on which the order for publication had been granted were sufficient to meet the statutory requirements. Indeed, no decision could have been made on that application to affect the rights of the respondent banks, for they were not parties to the application and had no opportunity to be heard thereon.

The warrants of attachment served on these banks were in the usual form and commanded the sheriff to attach so much of the property of the defendants " within your county " as will satisfy the plaintiff's demand. An examination in aid of an attachment must be limited to property that can be reached by the attachment. It cannot be extended to property situated elsewhere. (*Stine* v. *Greene*, 65 App. Div. 221, 223.) Hence, the only question that presents itself here is whether or not deposit accounts in the branch banks in Havana constitute property situated here. To determine that question it is necessary to consider the peculiar statutes applicable to these banks, their methods of doing business and the relationship existing between the New York banks and their branches in Havana.

The Royal Bank of Canada is chartered under the laws of the Dominion of Canada. Its principal office is in Montreal and it has over 650 branches in various countries. Its one office

in New York is known as an agency, and it keeps no records there of deposits elsewhere. It has no control over the managers or other employees of the scattered branches. The Canadian Bank Act (Stat. of Canada, 1934, chap. 24) specifically empowers it to maintain branches and agencies, but provides that an attaching or garnishee order shall only bind moneys to the credit of the debtor at the branch or agency where such order is served. (§ 96.)

The Chase National Bank is organized under the laws of the United States, and its Havana branch is operated as a distinct business entity, entirely independent of the head office, pursuant to those laws. (U. S. Code, tit. 12, § 604.) The Havana branch is conducted as a distinctly Cuban bank, under Cuban laws and Cuban licenses. It keeps its own accounts, makes its own investments, and has its own records. Its only connection with the head office is that its officers are appointed by the directions of the head office and it transmits its net profits to the head office periodically.

It has been held that, under such a set-up, the branches were as separate and distinct from one another as from any other bank, and a depositor in one branch cannot demand payment from another. (*Chrzanowska* v. *Corn Exchange Bank*, 173 App. Div. 285; affd., 225 N. Y. 728.) The only exception to this general rule is in the case where a branch is closed. The demand for the repayment of a deposit may then be made at the head office. (*Sokoloff* v. *National City Bank*, 239 N. Y. 158; 250 id. 69.)

The rules enunciated in those cases would seem to apply to attachments as well, for, as was said in a recent English case (*Richardson* v. *Richardson & The National Bank of India*, 43 T. L. R. 631): "In principle, attachment of debts is a form of execution, and the general power of execution extends only to property within the jurisdiction. * * * In the result, I am of opinion that, in respect of moneys held by the bank to the credit of the judgment at the African branches, they cannot be made the subject of a garnishee order, for they are not a debt recoverable within the jurisdiction." That conclusion was also reached in the only reported case here. (*Bluebird Undergarment Corp.* v. *Gomez*, 139 Misc. 742.)

Since the deposit accounts are in Cuba and cannot be reached by the attachment here, the examination of the respondent banks may not extend to an inquiry as to those deposit accounts (*Stine* v. *Greene, supra; Matter of Harris*, 27 F. Supp. 480), and the banks are sustained in their refusal to answer the questions propounded to them. The plaintiff's application is accordingly denied.