O'BRIEN ATKINSON, Plaintiff, v. VULCAN CORPORATION, Defendant.

Supreme Court, Special Term, New York County, August 23, 1944.

*John B. Doyle* for plaintiff.

*Philip Warshaw* for Noma Electric Corporation, third party.

PECK, J.  This is a motion by the plaintiff, pursuant to an attachment, to compel a third party to deliver a corrected certificate to the sheriff, showing an indebtedness to the defendant. The certificate furnished [Civ. Prac. Act, § 918] denied any indebtedness.  Plaintiff examined the third party under section 919 of the Civil Practice Act and claims that the examination establishes an indebtedness.  Upon that showing plaintiff moves to compel the third party to correct his certificate.  The third party still denies any indebtedness and challenges the authority of the court to issue the requested order.

There is no statutory provision authorizing the court to order a person who has been examined under section 919, because the certificate furnished by him was suspected to be untrue or deemed inadequate, to furnish the sheriff with a corrected certificate (see 7 Carmody on New York Pleading and Practice, p. 566; *Buckingham* v. *White,* 25 Hun 441).  The City Court decision in *Bluebeard Undergarment Corporation* v. *Gomez* (139 Misc. 742) relied upon by the plaintiff, turned upon another point and the question now before the court is not discussed.  The procedure for contesting the certificate and asserting plaintiff's claim is by a sheriff's action, under section 922 of the Civil Practice Act, not by summary motion.

Motion denied.