**DET BERGENSKE DAMPSKIBSSEL-
SKAB, Libelant-Appellant,**

v.

**SABRE SHIPPING CORPORATION,
Respondent-Appellee.**

**C. MACKPRANG, Jr. ("Nordstern" Redderei G.m.b.H., Mgr.), Libelant-
Appellant,**

v.

**SABRE SHIPPING CORPORATION,
Respondent-Appellee.**

**D/S A/S FLINT, Libelant-Appellant,**

v.

**SABRE SHIPPING CORPORATION,
Respondent-Appellee.**

**Nos. 147–149, Dockets 28958–28960.**

United States Court of Appeals
Second Circuit.

Argued Nov. 12, 1964.

Decided Jan. 25, 1965.

■

---

Haight, Gardner, Poor & Havens, New York City (Thomas R. H. Howarth, William G. Mead, New York City, Advocates), for libelants-appellants.

Burlingham, Underwood, Barron, Wright & White, New York City (Hervey C. Allen, Gerard Harrington, Jr., New York City, Advocates), for respondent-appellee.

Before LUMBARD, Chief Judge, SWAN and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

Libelants petitioned the United States District Court for the Eastern District of New York, pursuant to the Federal Arbitration Act, 9 U.S.C., asking for orders compelling respondent to proceed to arbitration according to the terms of time charters between respondent and each of the libelants. In conformity with Rule 2 of the Rules of Practice in

Admiralty and Maritime Cases,[1] the district court issued process *in personam*, with clauses of foreign attachment, to the United States Marshal for the Eastern District of New York, directing him to cite the respondent if it could be found within the Eastern District, and, if not, to attach its credits in the hands of four banks, including the Manufacturers Hanover Trust Company. Accordingly, the deputy marshal served warrants of foreign attachment on a branch office of Manufacturers Hanover Trust Company located in Brooklyn, New York, in the Eastern District.

Respondent moved to vacate the warrants of foreign attachment, on the alternative grounds that it was present and could have been served within the Eastern District, and that the credits attached were not situated within the Eastern District. Respondent relied on the fact that although its principal place of business is located in the Southern District of New York it also maintains a cargo terminal in the Eastern District, attended part-time by a claims agent. Respondent relied also on the fact that whereas it has a bank account at a branch office of the Manufacturers Hanover Trust Company located in Manhattan, in the Southern District, it has no accounts at any branch office of the bank in the Eastern District.

■ Following a hearing on the motions, Chief Judge Zavatt vacated the warrants of foreign attachment and filed an explanatory opinion reported at 228 F.Supp. 384. In his scholarly and reflective opinion, he ruled in the alternative: that respondent was present within the Eastern District and probably could have been served there; that respondent assuredly could have been served within the Southern District, which the district

court held also to be sufficient to bar foreign attachment; and that the credits attached were not situated within the Eastern District. We affirm the district court on point one, and find nothing of importance to add to the opinion below. We also affirm on point three, and while here, too, we agree with virtually all that the district court said, we think it advisable, because of the importance of the question, to formulate our decision in our own words. (We do not reach point two.)

The parties agree that the crucial question here is whether respondent's bank account at a branch office of the Manufacturers Hanover Trust Company located in the Southern District is subject to the jurisdiction of the district court. Libelants do not deny, as did the libelant in Ships & Freights Inc. v. Farr, Whitlock & Co., 188 F.Supp. 438 (E.D. N.Y.1960), that the bank account must be situated within the Eastern District to be subject to the jurisdiction of the district court. Instead, citing Harris v. Balk, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023 (1905), they argue that the debt owed by the Manufacturers Hanover Trust Company to respondent, for purposes of attachment, is situated wherever the bank has branch offices within New York City, including the Eastern District.

■ This argument must be dealt with according to federal law. Kingston Dry Dock Co. v. Lake Champlain Transp. Co., 31 F.2d 265, 266–267 (2 Cir. 1929) (L. Hand, J.). As a matter of federal law, however, we defer to the judgment made by New York in this particular instance. Branch banking is typically a matter for state regulation, and a decision here contrary to the general rule of the state might have disruptive con-

1. Rule 2 reads in pertinent part as follows:
"In suits in personam the mesne process shall be by a simple monition in the nature of a summons to appear and answer to the suit, or by a simple warrant of arrest of the person of the respondent in the nature of a capias, as the libellant may, in his libel or information pray for or elect; in either case with a clause therein to attach his goods and chattels, or credits and effects in the hands of the garnishees named in the libel to the amount sued for, if said respondent shall not be found within the district."

sequences for the state banking system. Cf. Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, 316–321, 75 S.Ct. 368, 99 L.Ed. 337 (1955). Furthermore, there is no established admiralty doctrine on this question, such as would reflect a predominant federal interest. Cf. Madruga v. Superior Court, 346 U.S. 556, 562, 74 S.Ct. 298, 98 L.Ed. 290 (1954).

■ A review of the New York cases indicates a consistent line of authority holding that accounts in a foreign branch bank are not subject to attachment or execution by the process of a New York court served in New York on a main office, branch, or agency of the bank. E.g., McCloskey v. Chase Manhattan Bank, 11 N.Y.2d 936, 228 N.Y.S.2d 825, 183 N.E.2d 227 (1962); Cronan v. Schilling, 100 N.Y.S.2d 474 (Sup.Ct. 1950), aff'd, 282 App.Div. 940, 126 N.Y.S.2d 192 (1953); Clinton Trust Co. v. Compania Azucarera Central Mabay S.A., 172 Misc. 148, 14 N.Y.S.2d 743 (Sup.Ct. 1939), aff'd, 258 App.Div. 780, 15 N.Y.S. 2d 721; Bluebird Undergarment Corp. v. Gomez, 139 Misc. 742, 249 N.Y.S. 319 (N.Y.City Ct.1931); Pope v. Basso, 123 N.Y.L.J. 1144 (N.Y.City Ct.1950).

The theory of this New York rule was clearly enunciated in Bluebird Undergarment Corp. v. Gomez, supra, 139 Misc. at 744, 249 N.Y.S. at 321–322:

"A branch bank is a separate and distinct business entity. * * * Not only are branch banks separate entities, but deposits made in a branch bank are payable there and there only. * * * A branch bank being separately indebted to its depositor, the existing obligation lies primarily between such branch bank and its depositor. The conclusion follows as a necessary corollary that the debt owed by a branch finds its situs within the territorial jurisdiction of such branch."

This theory, in turn, is based on the policy described in Cronan v. Schilling, supra, 100 N.Y.S.2d at 476:

"Unless each branch of a bank is treated as a separate entity for at-tachment purposes, no branch could safely pay a check drawn by its depositor without checking with all other branches and the main office to make sure that no warrant of attachment had been served upon any of them. Each time a warrant of attachment is served upon one branch, every other branch and the main office would have to be notified. This would place an intolerable burden upon banking and commerce, particularly where the branches are numerous, as is often the case."

Libelants point out that all the New York cases cited concerned attachment of bank accounts at branch offices in other states or nations. However, both the theory and the policy of the rule, as depicted above, apply with almost equal force to attachment of bank accounts at other branch offices within New York City. The cases themselves strongly suggest this conclusion, for they rely heavily on Chrzanowska v. Corn Exch. Bank, 173 App.Div. 285, 159 N.Y.S. 385 (1916), aff'd, 225 N.Y. 728, 122 N.E. 877 (1919). That decision held that a check drawn on one branch bank in New York City need not be paid by another branch of the same bank also located in New York City.

■ Libelants further contend that technological improvements in communications and record-keeping have rendered the justification for the rule obsolete, while the proliferation of bank branches has increased the burden on the libelant of locating the proper branch office on which to serve the warrant of foreign attachment. These arguments, however, are properly addressed to the New York authorities. We may not alter an established rule of New York law when there has been no indication by the New York lawmakers that they have changed their point of view.

■ We hold, therefore, that a warrant of foreign attachment, served on a branch office located in the Eastern District of New York, is ineffective to garnishee a bank account at a branch office of the same bank located in the Southern

District of New York. The contrary holding in Konstantinidis v. The S.S. Tarsus, 196 F.Supp. 433 (E.D.N.Y.1961), is disapproved, as are similar intimations in Miravalles Compania Naviera, S.S. v. Nissho Co., 207 F.Supp. 716 (E.D.N.Y. 1962) and Ships & Freights Inc. v. Farr, Whitlock & Co., supra.

Affirmed.