176 So.2d 550 (1965)
Victor TUETA and the Marine Bank & Trust Co. of Tampa, Appellants,
v.
Santiago RODRIGUEZ, Appellee.
No. 5370.
District Court of Appeal of Florida. Second District.
June 11, 1965.
Rehearing Denied July 15, 1965.
*551 Robert T. Mann of Campbell, Mann & Hampton, Tampa, for appellant Tueta.
Ralph C. Dell of Allen, Dell, Frank & Trinkle, Tampa, for appellant Marine Bank.
Norman S. Brown of Brown & Brown, Tampa, for appellee.
SMITH, Chief Judge.
This interlocutory appeal is from orders of the circuit court denying appellant-Tueta's motion to dismiss for lack of jurisdiction and appellant-Marine Bank's motion to dissolve an injunction against honoring drafts issued under an irrevocable letter of credit of which appellant-Tueta was the beneficiary. The appellants will be referred to as the "Tampa Bank," and "Tueta" and the appellee as "Rodriguez."
Rodriguez, a resident of Tampa, and Tueta, a resident of Lausanne, Switzerland, were involved in certain international commercial dealings. Rodriguez arranged for the Tampa Bank to issue an irrevocable letter of credit for $13,550 with Tueta as beneficiary thereof. The letter instructed that if the conditions set out therein were complied with a foreign bank on receipt of Tueta's sight draft could pay up to $13,550 and that the same would be honored by due presentment to the Tampa Bank. Rodriguez placed $13,550 in the Tampa Bank and the letter of credit was sent to Tueta in Switzerland. Just prior to the letter's expiration date and under circumstances within its terms a Swiss bank accepted Tueta's draft and paid $13,550 thereon. Prior to the time the Swiss bank made timely presentation to the Tampa Bank Rodriguez succeeded in getting a court order enjoining the Tampa Bank from paying out any of the $13,550 and a writ of garnishment thereon was issued. The Tampa Bank was served personally and Tueta was served by publication pursuant to Chapter 48, Fla. Stat. F.S.A. on the theory the $13,550 represented an amount owed by the bank to Tueta and was a res, thus giving the court jurisdiction to proceed quasi in rem.
The injunction is based on an alleged breach by Tueta of the underlying contract between him and Rodriguez which gave rise to the issuance of the letter of credit. For purposes of this appeal we need not delve into either the terms of this contract nor the circumstances surrounding its alleged breach. The only question presented to us is whether or not the court had jurisdiction of a res by virtue of which it could proceed quasi in rem without personal jurisdiction of Tueta and absent presence of the letter itself within the court's jurisdiction.
Appellee maintains that the relationship between Tueta and the Tampa Bank is that of creditor and debtor; that Florida Statute 62.22, F.S.A. authorizes garnishment or attachment of debts owing to a non-resident upon service of process as authorized by law and that Tueta was properly served by publication under Chapter 48, Florida Statutes, F.S.A., and thus the court has quasi in rem jurisdiction.
Appellants contend that the letter of credit is in the nature of a negotiable instrument upon which the Tampa Bank is strictly liable without regard to any dispute between Tueta and Rodriguez. Their position is that the letter is an unqualified promise on the part of the issuing bank to pay the honoring bank if the terms set out in the letter are met. Appellants assert the only way payment under an irrevocable letter of credit could properly be enjoined would be by obtaining jurisdiction of the letter itself or personal jurisdiction of the holder thereof.
We find that the relationship between an issuing bank of an irrevocable letter of credit and the beneficiary of that letter is not that of debtor-creditor so as to give the court where the bank is located jurisdiction of a res upon which its judgment could operate.
*552 A letter of credit is an often-used security device conceived to facilitate commercial transactions carried on over great distances. 2 Fla.Law & Prac., Banks and Banking, § 86, p. 593. A letter of credit partakes of the nature of a negotiable instrument. Michie, Banks and Banking, Vol. 6, § 28, p. 362. It is a chameleon-like instrument changing its nature as different transactions occur and if carried through to completion ends up as a binding contract between the issuing and honoring banks without any regard or relation to the underlying contract or disputes between the parties thereto. See Anno. 30 A.L.R. 1299.
The money deposited in the bank by Rodriguez did not constitute an obligation of the bank to Tueta but rather was placed there to protect the bank from any obligation it might incur through the activities of Tueta relative to the letter of credit. In a sense the money was placed in the bank as indemnity for its strict liability under the letter and as long as there was a chance such liability might occur it is the property of the bank and not that of either Tueta or Rodriguez.
There is no debt owed Tueta by the bank as would support in rem jurisdiction and the orders appealed from are reversed. Because our judgment is for reversal, appellee's motion for reduction of security is denied.
SHANNON and ANDREWS, JJ., concur.

ON PETITION FOR REHEARING
SMITH, Judge.
Appellee-Rodriguez makes the correct contention that the statement in the opinion that the Swiss Bank paid Tueta's draft is not supported by the evidence. The record merely shows that the draft and the letter of credit were delivered to the Swiss Bank. This difference, however, is not material to our decision and we are not concerned with the rights, if any, of the Swiss Bank.
The conditions of the irrevocable letter of credit having been met the promise of the Tampa Bank to pay the draft of Tueta was a binding one and its liability thereon was not limited to nor predicated upon funds placed in the bank by Rodriguez. The deposit is a matter separate and apart from the letter of credit, which is the subject matter of this action. A court may not proceed in-rem or quasi-in-rem when the subject matter of the action is not within the territorial jurisdiction of the court. The petition for rehearing is denied.
SHANNON, Acting C.J., and ANDREWS, J., concur.