**NATIONAL SHIPPING & TRADING CORP., Libellant,**

v.

**WEEKS STEVEDORING COMPANY, Inc., Respondent.**

United States District Court
S. D. New York.

Feb. 8, 1966.

Poles, Tublin & Patestides, New York City, Theodore P. Daly, New York City, of counsel, for libellant.

Charles Miller, New York City, Herbert J. Kaplow, New York City, of counsel, for respondent.

BONSAL, District Judge.

By this motion respondent, Weeks Stevedoring Company, seeks to vacate a writ of foreign attachment served on its account at Marine Midland Grace Trust Company of New York, 120 Broadway, in the sum of $43,448.90. The underlying action was commenced on December 20, 1965 by issuance of a libel in personam with clauses of foreign attachment. The warrant of attachment was served on the bank on December 21, 1965. On January 19, 1965 respondent moved by order to show cause to vacate the attachments.

The respondent is a New Jersey corporation with its main office in Elizabeth, New Jersey. Although it performs stevedoring services at numerous terminals in the greater port of New York, respondent operates primarily out of Claremont Terminal in Jersey City where the present cause of action for stevedore damage to the S.S. ZAKYNTHOS arose.

Therefore, the situation in this case is analogous to that in D/S A/S Flint v. Sabre Shipping Corporation, 228 F.Supp. 384 (1964), aff'd sub nom. Det Bergenske Dampskibsselskab v. Sabre Shipping Corp., 341 F.2d 50 (2d Cir. 1965) where Chief Judge Zavatt stated that:

> "This and two companion cases illustrate the means employed by some libelants to ensure against personal service of process upon respondents in admiralty cases, in order to embarrass them by having their property seized or their credits tied up. A simple device is employed. Instead of filing a libel in the United States District Court within which the respondent maintains its principal office, to the knowledge of the libelant, the libelant crosses the East River, files the libel in this court and prays for the issuance of process in personam with writ of foreign attachment."

In the present action the libellant seeks to secure a writ of foreign attachment

by crossing the Hudson, thus utilizing the rigid provision of Supreme Court Admiralty Rule 2 which permits the writ if "respondent shall not be found within the district."

Rule 2 has been interpreted to require respondent's presence within the District both for purposes of jurisdiction and service of process. Seawind Compania, S. A. v. Crescent Line, Inc., 320 F.2d 580 (2d Cir. 1963). Respondent Weeks Stevedoring Co. has neither an office nor an agent for the service of process in the Southern District. Weeks is qualified to do business in New York, but the relevant New York statutory provision for service of process on the Secretary of State (N. Y. Business Corporation Law, McKinney's Consol.Laws, c. 4, § 306) provides that:

"(b) Service of process on the secretary of state as agent of a * * * foreign corporation shall be made by personally delivering to and leaving with him or his deputy * * * at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee * * *."

Albany is outside the Southern District, so that neither the respondent nor an agent of the respondent may be served with process in the Southern District.

Nonetheless, the attachment must be vacated for the reason that it was served on the main office of the Marine Midland Grace Trust Company at 120 Broadway whereas the respondent at that time maintained an account only at the 143 Liberty Street branch of that bank. The New York rule, adopted for federal purposes, is that each branch of a bank "is a separate and distinct business entity." Bluebird Undergarment Corp. v. Gomez, 139 Misc. 742, 249 N.Y.S. 319, 321 (1931). As stated in Cronan v. Schilling, Sup., 100 N.Y.S.2d 474 (1950) at 476:

"Unless each branch of a bank is treated as a separate entity for attachment purposes, no branch could safely pay a check drawn by its de-positor without checking with all other branches and the main office to make sure that no warrant of attachment had been served upon any of them."

In Det Bergenske Dampskibsselskab v. Sabre Shipping Corp., 341 F.2d 50 (2d Cir. 1965), Judge Waterman stated:

"Libelants point out that all the New York cases cited concerned attachment of bank accounts at branch offices in other states or nations. However, both the theory and the policy of the rule, as depicted above, apply with almost equal force to attachment of bank accounts at other branch offices within New York City. (341 F.2d 50, at 53.)

Therefore, respondent's motion to vacate the attachments of the credits of the respondent with the Marine Midland Grace Trust Company is granted.

Settle order on notice.