396 So.2d 763 (1981)
CITIBANK, N.A., Petitioner,
v.
Honorable Edward S. KLEIN, As Circuit Judge for the 11TH Judicial Circuit, Dade County, Florida and Ira Kinsler, Respondents.
No. 81-134.
District Court of Appeal of Florida, Third District.
March 24, 1981.
Rehearing Denied April 28, 1981.
Smathers & Thompson and John H. Schulte, Miami, and Landon Clayman, Coral Gables, for petitioner.
Stanley H. Apte, Miami Beach, for respondents.
Before BASKIN, DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
Kinsler sued in the Dade County Circuit Court to, inter alia, enjoin a Miami area bank, issuer of a letter of credit, from paying the beneficiary of this letter of credit, Citibank, N.A., a New York based national banking association. Citibank, N.A. moved to dismiss, asserting that the Circuit Court had neither personal jurisdiction over it, nor in rem jurisdiction over the letter of credit. Before this motion could be heard, Kinsler voluntarily dismissed his action against Citibank, N.A. His action against the issuer continued, and the Circuit Court thereafter *764 temporarily enjoined the issuer from honoring the letter of credit. Citibank asks us to issue our writ prohibiting the respondent judge from conducting further proceedings in respect to this letter of credit and to vacate the temporary injunction.
We grant the relief sought by Citibank, N.A. upon a holding that (1) in the absence, as here, of personal jurisdiction over the holder-beneficiary Citibank, N.A., in order to acquire in rem jurisdiction, it was necessary that the letter itself, at all times located in New York, be within the trial court's jurisdiction, Tueta v. Rodriguez, 176 So.2d 550 (Fla. 2d DCA 1965); (2) the holding of Tueta v. Rodriguez, supra, that the relationship between the issuer of an irrevocable letter of credit and the beneficiary of that letter is not that of debtor and creditor so as to give the court where the issuer is located jurisdiction of a res upon which its judgment could operate, controls the present case, notwithstanding the subsequent enactment of Section 675.114(2)(b), Florida Statutes (1979), which authorizes "a court of appropriate jurisdiction" to enjoin the honoring of a draft under circumstances arguably similar to those alleged by Kinsler, since this statute, while authorizing the remedy, does not purport to determine which court is one of appropriate jurisdiction, a determination made in Tueta v. Rodriguez, supra,[1]see Murray, Negotiable Instruments, 20 U.Miami L.Rev. 225, 228 (1965); (3) Kinsler's reliance on Dynamics Corporation of America v. Citizens and Southern National Bank, 356 F. Supp. 991 (N.D.Ga. 1973), is misplaced, since in Dynamics, as distinguished from the present case, the beneficiary of the letter of credit raised no issue of the court's jurisdiction and, in fact, submitted itself to the jurisdiction of the court by intervening in the action.
Accordingly, we vacate the trial court's order of January 14, 1981, temporarily enjoining the issuing bank from honoring the letter of credit. We hold further that the respondent judge is without jurisdiction to further proceed in this cause so as to affect the rights of Citibank, N.A. under the letter of credit. We are confident that the respondent judge will be guided by our opinion without the necessity of formally issuing a writ of prohibition.
NOTES
[1] Section 675.102(3), Florida Statutes (1979), specifically states:

"This chapter [Article 5] deals with some but not all of the rules and concepts of letters of credit as such rules or concepts have developed prior to this act or may hereafter develop. The fact that this chapter states a rule does not by itself require, imply, or negate application of the same or a converse rule to a situation not provided for or to a person not specified by this chapter."
The holding in Tueta is, in our view, exactly the type of interstitial rule of law envisioned by Section 675.102(3).