594 So.2d 826 (1992)
Julia Bisharat ELLIS, Appellant,
v.
BARCLAYS BANK PLC-MIAMI AGENCY, Appellee.
No. 91-1120.
District Court of Appeal of Florida, Third District.
February 25, 1992.
*827 Marcus & Marcus and Robert M. Hustead, Homestead, for appellant.
Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel and Mark P. Schnapp and David T. Azrin, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and GERSTEN, JJ.
BARKDULL, Judge.
The plaintiff appeals the order granting final summary judgment discharging the garnishee, Barclays Bank.
The defendant/garnishee cross appeals the denial of attorney fees.
The appellant served a writ of garnishment on Barclays Bank at its Miami office attempting to collect a judgment against her former husband for $277,000.00. Barclays Bank answered the writ by accounting for all accounts in the United States, and it stated it did not have possession or control of any monies payable to Samuel Laird Ellis, the former husband. By reply, the appellant traversed the bank's denial of debt due to failure to account for its Caribbean branches, especially the branch in Antigua.
Barclays Bank in Miami filed a motion for summary judgment arguing it should be discharged from further liability after having accounted for all accounts held by Mr. Ellis in Florida and elsewhere in the United States. It further argued that the process of a United States court served on a United States branch of an international bank cannot reach deposits possibly held in foreign branches. Additionally it asserted the Antiguan banking confidentiality laws (claiming that an Antiguan bank branch, as any branch in a foreign country) would object to a request for information about the account holders from a branch in any other country.
Barclays motion for summary judgment was granted and the trial court entered an order discharging it from further liability under the writ of garnishment.
We affirm as to the order of discharge questioned on the main appeal, State ex rel. Florida Bank & Trust Co. v. White, 155 Fla. 591, 21 So.2d 213 (1944); Tueta v. Rodriguez, 176 So.2d 550 (Fla. 2d DCA 1965); Payton v. Swanson, 175 So.2d 48 (Fla. 3d DCA 1965); Shinto Shipping Co. v. Fibrex & Shipping Co., 425 F. Supp. 1088 (N.D.Cal. 1976), aff'd, 572 F.2d 1328 (9th Cir.1978); Clinton Trust Co. v. Compania Azucarera Central Mabay, S.A., 172 Misc. 148, 14 N.Y.S.2d 743 (N.Y. Sup. Ct. 1939); aff'd, 258 A.D. 780, 15 N.Y.S.2d 721 (1939); Bluebird Undergarment Corp. v. Gomez, 139 Misc. 742, 249 N.Y.S. 319 (N.Y.Ct. 1931), but we reverse on the cross appeal as to the denial of attorney's fees. See and compare First National Bank & Trust Company of Stuart v. Bryan, 427 So.2d 392 (Fla. 4th DCA 1983); Florida National Bank of Coral Gables v. Rosen, 353 So.2d 1280 (Fla. 2d DCA 1978); Buyer Finance Corporation v. Oliveros, 196 So.2d 451 (Fla. 3d DCA 1967).
This cause is remanded with directions to award attorney's fees pursuant to Section 77.28, Florida Statutes (1991).
Affirmed in part and reversed in part.